IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

2013 SEP -3 A 10: 45

CLERK C. Robinson
SO. DIST. OF GA.

ELION SHERIFAJ          :
                        :
         Petitioner,    :
                        :
    v.                  :     CIVIL ACTION NO.: CV513-055
                        :
UNITED STATES OF AMERICA,   :
                        :
         Respondent.    :

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Elion Sherifaj ("Sherifaj"), who is currently incarcerated at D. Ray James Correctional Institution in Folkston, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent filed a Motion to Dismiss. Sherifaj filed a Response.[1] For the reasons which follow, Respondent's Motion should be **GRANTED**.

## STATEMENT OF THE CASE

Sherifaj pleaded guilty in the Western District of Texas to: attempted illegal re-entry, in violation of 8 U.S.C. § 1326; and improper use of another's passport, in violation of 18 U.S.C. § 1544. Sherifaj was sentenced to 46 months' imprisonment. Sherifaj filed a notice of appeal, which was dismissed. (Case No. 3:11-cr-01521, Doc. No. 48) (W.D. Tex.).

---

[1] Sherifaj's Response to the Motion to Dismiss is not responsive to the Motion.

AO 72A
(Rev. 8/82)

Sherifaj filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. In that motion, Sherifaj asserted that his counsel was constitutionally ineffective for failing to seek a downward departure and a mitigating role adjustment at sentencing. (Doc. No. 7-2). The district court for the Western District of Texas denied Sherifaj's motion, and he did not file an appeal. (Doc. No. 7-3).

In this petition, Sherifaj asserts that his counsel was ineffective for failing to seek a downward departure. Sherifaj also asserts that his sentence is unreasonable. Respondent alleges that Sherifaj's petition should be dismissed because he does not meet section 2255's savings clause.

## DISCUSSION AND CITATION TO AUTHORITY

Ordinarily, an action in which an individual seeks to collaterally attack his conviction should be filed under 28 U.S.C. § 2255 in the district of conviction. 28 U.S.C. § 2255; Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003). However, in those instances where a section 2241 petition attacking custody resulting from a federally imposed sentence is filed, those § 2241 petitions may be entertained where the petitioner establishes that the remedy provided under 28 U.S.C. § 2255 "is inadequate or ineffective to test the legality of his detention." Wofford v. Scott, 177 F.3d 1236, 1238 (11th Cir. 1999). Section 2255 provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

AO 72A
(Rev. 8/82)

28 U.S.C. § 2255(e) (emphasis supplied). The petitioner bears the initial burden of presenting evidence that affirmatively shows the inadequacy or ineffectiveness of the § 2255 remedy. Ramiro v. Vasquez, 210 F. App'x 901, 904 (11th Cir. 2006).

Sherifaj's action is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. Sherifaj offers no reason why the remedy afforded by section 2255 is inadequate or ineffective to challenge the legality of his detention.

To successfully use a § 2241 petition to circumvent the procedural restrictions of a § 2255 motion, a petitioner must satisfy the savings clause of § 2255. The savings clause of § 2255:

> applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Wofford, 177 F.3d at 1244.

Sherifaj has not shown that his claims are based on a retroactively applicable Supreme Court decision which establishes that he was convicted of a non-existent offense. Nor has Sherifaj shown that his claims were foreclosed on a previous occasion. In fact, Sherifaj made at least one of his contentions on a previous occasion, and he was unsuccessful. In other words, Sherifaj has not satisfied the requirements of § 2255's savings clause. See Wofford, 177 F.3d at 1244; see also Dean v. McFadden, 133 F. App'x 640, 642 (11th Cir. 2005) (noting that all three requirements of the Wofford test must be satisfied before section 2255's savings clause is satisfied). Because Sherifaj has not satisfied the requirements of § 2255's savings clause, he cannot "open

AO 72A
(Rev. 8/82)

the portal" to argue the merits of his claim. See <u>Wofford</u>, 177 F.3d at 1244 & n.3; <u>see also</u> <u>Dean</u>, 133 F. App'x at 642.

Sherifaj cannot circumvent the requirements for § 2255 motions by styling his petition for habeas corpus as being filed pursuant to § 2241. "[W]hen a federal prisoner's claims fall within the ambit of § 2255, the prisoner is subject to that section's restrictions." <u>Medberry v. Crosby</u>, 351 F.3d 1049, 1061 (11th Cir. 2003). Sherifaj is doing nothing more than "attempting to use § 2241 . . . to escape the restrictions of § 2255." <u>Wofford</u>, 177 F.3d at 1245.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss be **GRANTED**. It is also my **RECOMMENDATION** that Sherifaj's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this _3rd_ day of September, 2013.

_____
JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)